IRION, J.,
Concurring and Dissenting. — I believe the result in this case is correct. Accordingly, I concur in the result.
At the time of Washington Mutual Bank’s 2005 encumbrance on the support debtor’s real property, there were no matured and unpaid support installments due under appellant’s earlier recorded support judgment and, therefore, the bank’s lien was accorded priority (Code of Civ. Proc., § 697.390, subd. (a); In re Marriage of Cloney (2001) 91 Cal.App.4th 429, 438 [110 Cal.Rptr.2d 615]). When the bank foreclosed and its successor, JPMorgan Chase Bank, submitted a successful credit bid at the trustee’s sale, there was no surplus and Chase took title to the support debtor’s real property free of any junior liens. (Hohn v. Riverside County Flood Control etc. Dist. (1964) 228 Cal.App.2d 605, 613 [39 Cal.Rptr. 647].) Respondents took title to the real property through Chase.
I do not concur in the majority opinion to the extent that it suggests, in situations other than those presented here, under Code of Civil Procedure section 697.390, subdivision (b) the first encumbrance on a support judgment debtor’s interest in real property necessarily extinguishes the support creditor’s lien for later maturing and unpaid installments under an earlier recorded support judgment. That is not necessary to resolution of this case and should be left for another day.
A petition for a rehearing was denied September 4, 2015, and appellant’s petition for review by the Supreme Court was denied November 10, 2015, S229522.